## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

THE WALL GUY, INC.,
JEFFREY FRYE, and
JR CONTRACTORS,

                Plaintiffs,

v.                              CIVIL ACTION NOS.   3:20-0304
                              (consolidated with 3:20-0305)

FEDERAL DEPOSIT INSURANCE
COPRORATION (FDIC) as Receiver for
The First State Bank,

                Defendant.

### MEMORANDUM OPINION AND ORDER

On April 30, 2020, Defendant Federal Deposit Insurance Corporation ("FDIC") as Receiver for The First State Bank ("First State") removed two separate actions to this Court pursuant to 28 U.S.C. § 1446(a), 12 U.S.C. § 1819(b)(2) and Local Rule of Civil Procedure 3.4(b). On May 27, 2020, the Court stayed all proceedings in both actions pending exhaustion of the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), as codified in 12 U.S.C. § 1821. The Court also consolidated the two actions as related companion cases involving the same parties. The Court designated the above styled case, *The Wall Guy, Inc. v. FDIC*, Civ. Act. No. 3:20-304, as the lead case. The consolidated companion case is docketed as *FDIC v. Frye*, Civ. Act. No. 3:20-305.

On August 12, 2020, the Court was provided notice of the denial of the administrative claims of Plaintiffs The Wall Guy, Inc., Jeffrey Frye, and JR Contractors

(collectively referred to as the "Borrowers"). The next day, the Court lifted the stay, and Borrowers immediately filed a Motion for Summary Judgment. ECF No. 15. On August 26, 2020, the FDIC filed its Motion to Reconsider and Amend Judgment entered by the Cabell County Circuit Court. ECF No. 19. On October 8, 2020, Borrowers filed a Motion to Enforce Judgment as Rendered by the Jury Recorded as Judgement [sic] Order in the Alternative, if and only if, Summary Judgment is not Granted. ECF No. 23. Upon considering the motions of the parties, the Court rules as follows.

The procedural history of this case is complex. The first of the two consolidated cases, *The Wall Guy, Inc. v. FDIC*, Civ. Act. No. 3:20-0304, arises from an action Borrowers filed against First State in the Circuit Court of Cabell County, West Virginia on January 15, 2016. *The Wall Guy, Inc. v. The First State Bank*, Civ. Act. No. 16-C-027, *sub nom. The Wall Guy, Inc. v. FDIC*, Civ. Act. No. 3:20-0304 (referred to hereinafter as "Case One"). According to the FDIC, Borrowers in Case One requested an injunction against First State to prevent it from foreclosing on certain real property (referred to as the "Booten Creek" property) and prevent it from collecting various pieces of equipment and other personal property that was used as collateral to secure a $280,000 consolidation loan, which First State claimed was in default. In the action, Borrowers also asserted claims for breach of fiduciary duty, negligence, and breach of contract.[1]

Before trial in Case One, the circuit court denied injunctive relief and granted summary judgment in favor of First State on Borrowers' claims of a breach of fiduciary duty and

---

[1] The FDIC states that, following foreclosure, a trustee's deed conveyed the Booten Creek property to First State on March 24, 2016.

negligence. However, the circuit court denied summary judgment on the breach of contract issues.[2] At the end of a three-day trial for breach of contract, a jury awarded Borrowers $1,500,000.[3]

Following trial, the parties filed post-trial motions. Specifically, First State filed a Renewed Motion for Judgment Notwithstanding the Verdict, Remittitur, or a New Trial, and Borrowers filed a Motion to Award Interest on Judgment to West Virginia Code 56-6-31. Upon consideration, the circuit court denied Borrowers' request for prejudgment interest and granted First State's request for a remittitur, reducing the verdict to $524,023.[4] The court entered a final judgment in that amount, and it informed Borrowers they could accept the judgment, request a new trial, or appeal.[5] On March 28, 2019, Borrowers filed a Notice of Appeal to the West Virginia Supreme Court. First State filed a cross appeal. As the parties entered into a "Pledge Agreement" securing the award with specific real estate as collateral, the circuit court entered an Order on June 3, 2019, staying enforcement of the final judgment pending resolution of the appeal by the West Virginia Supreme Court. *Order Granting Def.'s Mot. to Stay Proceedings to Enforce J.*, Civ. Act. No. 16-C-027 (June 3, 2019); 3:20-0304, ECF No. 7-2, 81-83.

---

[2]*Order*, Civ. Act. No. 16-C-027 (Aug. 22, 2018); 3:20-0304, ECF No. 6-5, at 14-19.

[3]*See Entry of J.*, Civ. Act. No. 16-C-027 (entered Aug. 30, 2018); 3:20-0304, ECF No. 6-5, at 48-52.

[4]*Order Denying Def.'s Renewed Mot. for J. as a Matter of Law, Granting, in part, Def.'s Mot. for Remittitur or New Trial, and Denying Pls.' Mot. to Award Interest on J. Pursuant to W. Va. Code 56-6-31*, Civ. Act. No. 16-C-027 (Mar. 14, 2019); 3:20-0304; ECF No. 7, at 50-64. The Order denied the remainder of First State's motion.

[5]*Id*. at 63.

In the meantime, approximately four months after Case One was filed, First State filed a separate action in the circuit court against Borrowers. *See Compl.*, *The First State Bank v. Frye*,[6] Civ. Act. No. 16-C-341, *sub nom FDIC v. Frye*, 3:20-305, ECF No. 1-5, at 4-6 (referred to hereinafter as "Case Two"). Specifically, First State alleged Borrowers had defaulted on various loans totaling $385,169.35. Although Defendant Frye had filed for bankruptcy, the bankruptcy petition was dismissed on April 15, 2016. Therefore, First State sought to collect and repossess the collateral used to secure the loans. First State asked the circuit court to issue an injunction and assist it in collecting the assets because Defendant Frye was not cooperating with the process. *Id*. Upon consideration, the circuit court signed an Order on May 27, 2016, finding Borrowers had no equity in the collateral and directing the collateral be surrendered to First State. *Order,* Civ. Act. No. 16-C-341 (May 27, 2016); 3:20-305, ECF No. 1-5, at 22-25.

After this Order was entered, there was no further substantive activity in Case Two. However, on August 6, 2018, Borrowers filed a motion in Case One to set aside the Order in Case Two under Rule 60(b) of the West Virginia Rules of Civil Procedure.[7] The circuit court in Case One denied the motion as untimely, finding the May 2016 Order had remained unchallenged for over two years, the "newly discovered evidence" of misconduct relied upon by Borrowers was based on records that were admittedly produced over one year earlier, and no exceptional circumstances existed warranting setting the Order aside. *Order*, Civ. Act. No. 16-C-341 (Aug.

---

[6]The action was filed against "Jeffrey Frye, The Wall Guy, Inc., and the Wall Guy, Inc. d/b/a JR Contractors" on May 13, 2016.

[7]*Motion to Set Aside the Order from May 27th, 2016 Pursuant to Rule 60(b) of the Rules of Civil Procedure*, Civ. Act. No. 16-C-027 (Aug. 6, 2018), ECF No. 6-3, at 1-6. It does not appear from the circuit court's docket sheet that this motion was ever filed in Case Two.

-4-

22, 2018); 3:20-304, ECF No. 6-5, at 9-13. Nevertheless, the circuit court stayed any further action in Case Two given the potential impact a decision by the West Virginia Supreme Court in Case One could have on it. *Order*, Civ. Act. No. 16-C-341 (June 3, 2019); 3:20-305, ECF No. 1-5, at 28-30. A final judgment order has never been entered in Case Two, as the FDIC maintains that a determination of any remaining indebtedness is still needed.

While Case One was on appeal, The First State Bank was found to be insolvent, and the FDIC was appointed as receiver on April 3, 2020. Following its appointment, the FDIC removed both Case One and Case Two to this Court. Upon agreement of the parties, the cases were consolidated and stayed for administrative review. The stay was lifted upon denial of the administrative claims, and the pending motions by the parties ensued.

Before this Court can resolve the substantive arguments in the parties' motions, the Court must address the unique procedural posture of these cases. Fortunately, the Fourth Circuit tackled a similar situation long ago. In *Resolution Trust Corp. v. Allen*, 16 F.3d 568 (4th Cir. 1994), the Resolution Trust Corporation (RTC) was appointed as a receiver for a bank that had a judgment entered against it at the lower state court level and had appealed the decision to the West Virginia Supreme Court. 16 F.3d at 571. Like here, after RTC was appointed, it removed the action to the district court while the appeal was pending and then moved to alter or amend the state court judgment. *Id*. The district court adopted the judgment of the state court for federal appeal purposes, but it declined to resolve RTC's motion. *Id*. RTC appealed.

Upon review, the Fourth Circuit held that the district court must "adopt the state court judgment as its own" after a case is removed. *Id*. at 573. Once adopted, the judgment is "treated the same as other judgments entered by the district court and the parties . . . follow the ordinary rules regarding post-judgment remedies." *Id*. In other words, the parties "may file motions pursuant to the applicable Rules of Civil Procedure, or file a timely notice of appeal to the federal appeals court." *Id*. For example, the Fourth Circuit explained that the parties could file a motion under Rule 59(e) to alter or amend the judgment. *Id*. at n.5. Although the parties may choose to either file a direct appeal or file post-trial motions, if post-trial motions are filed, the Fourth Circuit held that the district court should address the merits of those motions. By following this approach, the district court can "consider any new federal questions injected into the case by the addition of RTC [or in this case, the FDIC], and require whatever briefing, argument or hearings it deems necessary to resolve these questions and prepare an adequate record for review on appeal." *Id*. at 573. Using this procedure, any appeal filed is based on the district court's judgment; thereby, precluding the Fourth Circuit "from assuming the role of a state appellate court." *Id.*

In light of the guidance provided by the Fourth Circuit, the Court must enter as its own the final judgment order issued by the circuit court in Case One. Although Borrowers ask this Court to enter judgment in their favor in the full amount of the $1,500,000 jury verdict, the jury's verdict was not the final judgment. The final judgment was the remittitur order, reducing the award to $524,023. Therefore, in accordance with *Resolution Trust Corp.*, it is the remittitur order that this Court must adopt. Accordingly, with respect to Case One, the Court **ADOPTS** and **ENTERS** as its own the circuit court's Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law, Granting, in part, Defendant's Motion for Remittitur or New Trial, and Denying

-6-

Plaintiff's Motion to Award Interest on Judgment Pursuant to W. Va. Code 56-6-31, Civ. Act. No. 16-C-027 (Mar. 14, 2019); 3:20-0304; ECF No. 7, at 50-64.

Ordinarily, the next step under *Resolution Trust Corp.* would be for the Court to entertain post-trial motions as to Case One. However, in the instant case, post-trial motions already were raised and ruled upon by the circuit court when it entered the final judgment, resulting in the remittitur. When, as here, a case is removed from state court, this Court must "take[] the case as it finds it . . . and treat[] everything that occurred in the state court as if it had taken place in federal court." *Khouri v. Nat'l Gen. Ins. Mktg., Inc*., No. 1:20-CV-580, 2020 WL 6749713, at *2 (M.D. N.C. Nov. 17, 2020) (internal quotation marks and citations omitted). Thus, by reentering the final judgment, this Court is deemed to have already ruled on post-trial motions and entered the remittitur.

When a remittitur is granted, the parties agree that "the plaintiff must be given the option of either accepting the reduction in the verdict or electing a new trial." Syl. Pt. 9, *Perrine v. E.I. du Pont de Nemours & Co*., 694 S.E.2d 815 (W. Va. 2010); *see also Cline v. Wal-Mart Stores, Inc*., 144 F.3d 294, 305 (4th Cir. 1998) (stating "if a reviewing court concludes that a verdict is excessive, it is the court's duty to require a remittitur or order a new trial, and the failure to do so constitutes an abuse of discretion" (internal quotation marks and citations omitted)). Having entered afresh the final judgment by the circuit court granting, in part, and denying, in part, the parties' post-trial motions and entering the remittitur, this Court now must allow Borrowers to either accept the remittitur or elect to have a new trial in Case One. Therefore, the Court **DIRECTS**

Borrowers to file a response to this Memorandum Opinion and Order **on or before March 12, 2021,** stating whether they accept the remittitur or elect a new trial.

With respect to Case Two, it is clear that a final judgment has never been entered. As previously stated, the last substantive order entered in Case Two was the Order entered on May 27, 2016, which found Borrowers had no equity in the collateral used to secure their $385,169.35 loan obligation and directing Borrowers to surrender the collateral to First State. *Order,* Civ. Act. No. 16-C-341 (May 27, 2016); 3:20-305, ECF No. 1-5, at 22-25. However, on August 6, 2018, Borrowers moved in Case One to set aside this Order pursuant to Rule 60(b). *See Mot. to Set Aside the Order from May 27th, 2016 Pursuant to Rule 60(b) of the Rules of Civil Procedure*, Civ. Act. No. 16-C-027 (Aug. 6, 2018), ECF No. 6-3, at 1-6. Obviously, the motion was filed in the wrong case as it should have been filed in Case Two. As a result, the circuit court's Order denying Borrowers' 60(b) motion also was entered in Case One. *See Order*, Civ. Act. No. 16-C-341 (Aug. 22, 2018); 3:20-304, ECF No. 6-5, at 9-14. To make the record clear, the Court finds both the motion and the Order should be filed in Case Two. Therefore, the Court **DIRECTS** the Clerk of this Court to file both the motion and the Order denying Borrowers' Rule 60(b) motion in the appropriate case, that is, *FDIC v. Frye*, Civ. Act. No. 3:20-305. Additionally, as a final judgment has not been entered in Case Two, the Court finds *Resolution Trust Corp.* does not apply. Instead, the Court must proceed in Case Two in same manner as it would in any other removal case. However, as Case One is at a procedural crossroads, the Court will revisit how to proceed with Case Two after Borrowers make their election in Case One.

Accordingly, for the foregoing reasons, the Court **ADOPTS** and **ENTERS** as its own in *The Wall Guy, Inc. v. FDIC*; 3:20-0304, the Cabell County Circuit Court's Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law, Granting, in part, Defendant's Motion for Remittitur or New Trial, and Denying Plaintiffs' Motion to Award Interest on Judgment Pursuant to W. Va. Code 56-6-31.[8] The Court also **DIRECTS** that Borrowers' Motion to Set Aside the Order from May 27th, 2016 Pursuant to Rule 60(b) of the Rules of Civil Procedure[9] and the circuit court's Order denying the motion[10] be entered in *FDIC v. Frye*, Civ. Act. No. 3:20-305. The Court further **LIFTS** the stay and **ORDERS** Borrowers to file a response to this Memorandum Opinion and Order **on or before March 12, 2021,** stating whether they accept the remittitur or elect a new trial. As Borrowers' decision may greatly impact the remainder of the pending motions, the Court **DENIES** Borrowers' Motion for Summary Judgment (ECF No. 15) and, except to the extent the parties agree that the final judgment in Case One must be entered by this Court,[11] **DENIES** FDIC'S Motion to Reconsider and Amend Judgment entered by the state court (ECF No. 19) and Borrowers' Motion to Enforce Judgment as Rendered by the Jury Recorded as Judgement [sic] Order in the Alternative, if and only if, Summary Judgment is not Granted. ECF No. 23.

---

[8] Civ. Act. No. 16-C-027 (Mar. 14, 2019); 3:20-0304; ECF No. 7, at 50-64.

[9] Civ. Act. No. 16-C-027 (Aug. 6, 2018), ECF No. 6-3, at 1-6

[10] Civ. Act. No. 16-C-341 (Aug. 22, 2018); 3:20-304, ECF No. 6-5, at 9-14.

[11] Although, as previously stated, the Court rejects Borrowers' argument that the jury verdict, rather than the remittitur, should be entered by this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        March 5, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE